## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

**ROBERT C. MEDINA AND
JOANNE MEDINA,**

        **Plaintiffs,**

**v.**                                     **Case No. SA-19-CV-1482-JKP**

**ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY,**

        **Defendant.**

### MEMORANDUM OPINION AND ORDER

The Court has under consideration *Defendant Allstate Vehicle and Property Insurance Company's Motion for Partial Dismissal* (ECF No. 2) and *Plaintiffs' Motion to Remand on the Basis of Lack of Subject Matter Jurisdiction* (ECF No. 4). Plaintiffs have not filed a response to the motion for partial dismissal, but Defendant has filed a response (ECF No. 5) to the motion to remand to which Plaintiffs have not replied. For the reasons that follow, the Court grants the motion to remand and denies the other motion as moot.

### I. BACKGROUND

This case concerns an insurance claim arising from wind and water damage. *See* Pls.' Orig. Pet. (ECF No. 1-3). Plaintiffs allege that their home "sustained severe damage to the roof due to the direct force of wind" and water damaged the inside of the property. *Id*. ¶ 10. After an investigation, Defendant acknowledged coverage "but grossly underpaid the loss." *Id*. ¶ 13.

In October 2019, Plaintiffs filed suit against their insurer in state court. *Id*. at 1. They assert claims of (1) breach of contract, (2) unfair settlement practices, (3) misrepresentation of insurance policy violations, (4) violation of prompt payment provisions; and (5) breach of good faith and fair dealing. *Id*. ¶¶ 19-37. They seek unspecified compensatory damages for loss sustained, mental

anguish, emotional distress; court costs, attorney's fees, and 18% interest. *Id*. ¶¶ 41-48. They specifically seek treble damages under Tex. Ins. Code § 541.152 and exemplary damages. *Id*. ¶¶ 43, 45-46. They also make the following damages-limiting statement: "Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs are seeking only monetary relief of $75,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." *Id*. ¶ 48.

Defendant removed this action on the basis of diversity jurisdiction and alleged that the amount in controversy exceeds $75,000. Notice of Removal (ECF No. 1). It contends that it is facially apparent from Plaintiffs' original petition that the claims likely exceed that jurisdictional amount. *Id*. ¶¶ 10-11. It thereafter moved for dismissal of Plaintiffs' statutory misrepresentation and fraud claims because the complaint lacks factual assertions sufficient to meet the pleading requirements of Fed. R. Civ. P. 9(b) and are thus subject to dismissal under Fed. R. Civ. P. 12(b)(6). Plaintiffs have not responded to the motion to dismiss. But they have moved to remand this case due to a lack of subject matter jurisdiction. Defendant opposes remand. The motions are ripe for ruling. Given the jurisdictional concerns presented, the Court first addresses the motion to remand.

## II. MOTION TO REMAND

Defendant removed this case on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). While not contesting that the parties are diverse, Plaintiffs move to remand the case because the amount in controversy is $75,000 or less. Plaintiffs have attached to their motion a stipulation limiting damages to $75,000.

### A. General Principles

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such

2

action is pending." 28 U.S.C. § 1441(a). A "defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting § 1441(a)). The "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. There is no dispute, furthermore, that 28 U.S.C. § 1332(a) provides the federal courts with original jurisdiction over all civil actions between "citizens of different States" when the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest or costs."

A party may move to remand a previously removed case. *See* 28 U.S.C. § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removing party has the burden to show "that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey*, 719 F.3d at 397).

## B. <u>Amount in Controversy</u>

Diversity of citizenship between the parties is not at issue here. The parties disagree only as to the amount in controversy. Normally, for purposes of removal, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). This is consistent with non-removed diversity cases. *See Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 87 ("When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith."). An important factor in

"determining the amount in controversy" is whether Plaintiffs "demanded a specific amount of damages" in their state petition or complaint. *Scarlott*, 771 F.3d at 888. When the initial pleading demands a specific amount, that sum "is itself dispositive of jurisdiction if the claim is apparently made in good faith." *Id.* (quoting *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984)).

Here, Plaintiffs do not appear to demand a specific amount of damages. They instead rely on a range of damages – $75,000 or less. Consequently, strictly speaking, there is no specific sum demanded that is dispositive of the jurisdictional question. But the Fifth Circuit has treated a similar range – maxing out just below the jurisdictional limit – as a claim "for a specific amount of damages." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). It regarded "such a complaint as more like a claim for one sum rather than a claim for an unlimited or an unspecified amount of damages; to reason otherwise would put form over substance." *Id.* And it did so despite a specific state rule, Tex. R. Civ. P. 47(b), that prohibited plaintiffs from asserting a specific amount of damages. *See id.* at 1412.

## C. Good/Bad Faith

While recognizing that "a plaintiff who does not 'desire to try his case in federal court . . . may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove,'" the Fifth Circuit further recognized that "[t]he face of the plaintiff's pleading will not control if made in bad faith." *Id.* at 1410 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)). It also noted that most states "do not limit damage awards to the amount specified in the *ad damnum* clause of the state pleading" and "many states, like Texas, have enacted rules that strictly prohibit plaintiffs from pleading for specific amounts in cases of unliquidated damages." *Id.* After finding that applicable state rules

"created the potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading," it held that "[s]uch manipulation is surely characterized as bad faith." *Id*. Even though a finding of bad faith may, in appropriate circumstances, constitute a finding that "counsel acted in subjective bad faith," the good/bad faith inquiry is typically mere reference to whether a "pleading was in accordance with the law of the circuit" and of the "concept of 'good faith'" found in 28 U.S.C. § 1446(c)(2), as amended in 2011. *Ford v. United Parcel Serv., Inc.*, No. 3:14-CV-1872-D, 2014 WL 6491446, at *8 (N.D. Tex. Nov. 20, 2014).

Defendant suggests that noncompliance with Tex. R. Civ. P. 47 necessarily means that Plaintiffs did not make their damages-limiting statement in good faith. It also states that a "demand is made in bad faith if its purpose is to defeat federal jurisdiction." The Court, however, does not view *De Aguilar* as dictating either of those conclusions. To the extent other district court cases may support Defendant's positions, the Court respectfully disagrees. The primary focus of *De Aguilar* was on the ability to manipulate state rules to evade federal jurisdiction while maintaining the ability to obtain a money judgment exceeding the jurisdictional amount. *De Aguilar* was unconcerned with plaintiffs properly evading federal jurisdiction as permitted by *St. Paul*, but it saw a distinct need to close a manipulative loophole caused by some state rules.

**D. Relevant Amendments**

Although Congress amended § 1446 in 2011 and relevant Texas rules were amended in 2013, neither of these amendments alter the basic principles espoused in *De Aguilar*. *See Ford*, 2014 WL 6491446, at *7. Further, while amendments to Texas rules in 2013 have created some disagreement within the courts as to whether plaintiffs in Texas "may state a specific sum,"

*Boardman v. Allstate Fire & Cas. Ins. Co.*, No. 5:19-CV-1399-JKP, 2020 WL 487225, at *2 & n.1 (W.D. Tex. Jan. 29, 2020) (citing cases), there appears to be no such disagreement as to whether Texas limits damage awards to the amount or range specified in the pleading, *see Poblano v. Allstate Tex. Lloyd's*, No. EP-16-CV-362-PRM, 2017 WL 3274896, at *6 (W.D. Tex. Jan. 31, 2017) (stating that "no state law limits" a plaintiff's recovery to the amount claimed in the complaint); *Perez v. Allstate Tex. Lloyd's*, No. EP-16-CV-361-PRM, 2017 WL 3274894, at *4 (W.D. Tex. Jan. 31, 2017) ("To be sure, no Texas rule would preclude Plaintiff from amending her Petition to allege and recover an amount that exceeds $75,000.").

As amended in 2013, "Texas Rule of Civil Procedure 47 requires a pleading to contain a statement that the damages sought are within the jurisdictional limits of the court, and a statement that the party seeks a pre-defined range of damages." *Cavazos v. Allstate Vehicle & Prop. Ins. Co.*, 7:17-CV-368, 2017 WL 11317904, at *2 (S.D. Tex. Dec. 12, 2017). The lowest range permitted under Rule 47 for suits not "governed by the Family Code" is "$100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." Tex. R. Civ. P. 47(c)(1). Courts disagree whether the amendments to Rule 47 now permit a plaintiff to state a specific sum. *See Boardman*, 2020 WL 487225, at *2 & n.1. But, even if the amendments permit Texas plaintiffs to state a specific sum, such change does not alter the primary focus of the manipulative loophole recognized in *De Aguilar* – maintaining an ability to obtain a money judgment exceeding the jurisdictional amount regardless of the amount set out in the complaint.

Nothing indicates that Texas has any rule that limits a plaintiff's recovery to an amount asserted in the original petition or complaint. Notably, Texas law provides for an "expedited actions process [that] applies to a suit in which all claimants . . . affirmatively plead that they seek only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs,

expenses, pre-judgment interest, and attorney fees." Tex. R. Civ. P. 169(a)(1). Subparagraph (b) of that rule limits recovery to $100,000. *See* Tex. R. Civ. P. 169(b) ("In no event may a party who prosecutes a suit under this rule recover a judgment in excess of $100,000, excluding post-judgment interest."). Even though that subparagraph purports to limit recovery, the limitation itself permits recovery in excess of the current federal jurisdictional threshold of $75,000. Moreover, suits may be removed from such expedited process, and the recovery limitation, on motion or the filing of certain amended or supplemental pleadings. Tex. R. Civ. P. 169(c).

## E. Conclusion Regarding Good/Bad Faith

Given the ability of Texas plaintiffs to obtain money judgments in excess of the amount asserted in their pleading, the Court finds, consistent with *De Aguilar*, that Plaintiffs' damages-limiting statement that they seek "only monetary relief of $75,000.00 or less" was not made in good faith. Of itself, that statement does not bind the plaintiffs. Nor does it control the Court's analysis or provide a basis for remand. Such conclusions are consistent with other federal decisions even though courts might approach the issues slightly differently. *See, e.g.*, *Armendariz v. Allstate Texas Lloyd's*, No. EP-16-CV-00334-DCG, 2016 WL 6915279, at *5-6 & n.9 (W.D. Tex. Nov. 23, 2016); *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016), *aff'd*, 746 F. App'x 337 (5th Cir. 2018); *Wilson v. Hibu Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *5-6 (N.D. Tex. Oct. 28, 2013).

As *Wilson* recognizes, "if a plaintiff desires to limit recovery and keep an action in state court, there is a simple and straightforward way to accomplish this objective, and a federal court is obligated to honor it." 2013 WL 5803816, at *5. Plaintiffs can easily avoid "being in federal court" by filing – with their state petition – a stipulation or affidavit limiting their recovery to an amount below the amount needed for federal diversity jurisdiction. *Id.* at *6.

> Indeed, if Plaintiff[s] in good faith wanted to properly bind [themselves] to less than $75,000 in damages, [they] could have included in [their] state court petition one of the pre-defined damage ranges listed in Rule 47 that is appropriate for the "expedited actions process" under Rule 169 and attach thereto a separate stipulation or affidavit binding herself to seeking and accepting an amount "less than $75,000.00."

*Armendariz*, 2016 WL 6915279, at \*5 n.8. But submitting such an affidavit or stipulation after removal suggests suspect tactics "and smacks of legal legerdemain, a practice cited with disapproval by the Fifth Circuit" in *De Aguilar. Wilson*, 2013 WL 5803816, at \*5; *accord Perez*, 2017 WL 3274894, at \*6. By waiting to submit such an affidavit, plaintiffs, whether intentionally or not, leave themselves the opportunity to manipulate the system.

**F. Parties' Burdens**

When the Court finds that an operative pleading lacks a good faith monetary demand, 28 U.S.C. § 1446(c)(2) no longer deems the demand as the amount in controversy. At this point, consistent with *De Aguilar*, the "defendant can show that the amount in controversy actually exceeds the jurisdictional amount." 47 F.3d at 1411. And *De Aguilar* established the evidentiary burden for such showing as a preponderance of the evidence – the same evidentiary burden it had established for cases involving an indeterminate claim for damages. *Id.* (agreeing "that the preponderance of the evidence standard announced" in *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (usually referred to as *de Aguilar I*) applies). In doing so, it rejected standards that "essentially require that the defendant merely show that plaintiff *could* recover more than the jurisdictional amount, as too permissive." *Id.* It also emphasized that the plaintiff "is, to some extent, still the master of his own claim." *Id.* at 1411-12. These aspects of *De Aguilar* are consistent with the statutory procedure for removal of civil actions set out in § 1446.

Under § 1446(c)(2)(A)(ii), a removing party may assert the amount in controversy in the notice of removal in some circumstances, including when the plaintiffs seek "a money judgment,

but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." Because plaintiffs in Texas are not limited to the amount demanded in their complaint, § 1446(c)(2)(A)(ii) permits a removing defendant to assert the amount in controversy in the notice of removal even if the 2013 amendments to the Texas rules changed the historical state prohibition on stating a specific sum demanded.

If "not contested by the plaintiff or questioned by the court," courts should accept "the defendant's amount-in-controversy allegation" set out in the notice of removal seeking federal-court adjudication of the claims. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 87. A plaintiff's contesting the amount in controversy or the court questioning that amount, invokes consideration of 28 U.S.C. § 1446(c)(2)(B). *See id.* at 88. Section 1446(c)(2)(B) provides that "removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." "This provision, added to § 1446 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (JVCA), clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged. In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 88. But evidence is not required under § 1446(c)(2)(B) until "the plaintiff contests, or the court questions, the defendant's allegation" regarding the amount in controversy. *Id*. at 89.

Based upon well-settled circuit precedent, defendants can carry their burden "if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720,

723 (5th Cir. 2002); *accord Scarlott*, 771 F.3d at 888. Because *De Aguilar* specifically held that defendants "must produce evidence that establishes that the actual amount in controversy exceeds" the jurisdictional amount while also permitting mere reliance on the face of the complaint, *see* 47 F.3d at 1412, it appears that the complaint itself can provide sufficient evidence to carry the defendant's burden.

Furthermore, "to avoid the sort of manipulation" at issue in *De Aguilar*, the Fifth Circuit created the following rule:

> if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint.

47 F.3d at 1411. "In other words, where the plaintiff's claims can be proved to be of the type that are worth more than [the jurisdictional amount], they can be removed unless the plaintiff can show he is legally bound to accept less." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 n.14 (5th Cir. 1995).

But "this is not a burden-shifting exercise," because the "plaintiff must make all information known at the time he files the complaint." *De Aguilar*, 47 F.3d at 1412. Nevertheless, plaintiffs can meet their "legal certainty" obligation in various ways, including citing in the state complaint "to a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* to be increased by amendment," but absent citation to "such a statute, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." *Id.* (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)); *accord Vielma v. ACC Holding, Inc.*, No. EP-12-CV-501-KC, 2013 WL 3367494, at *6 (W.D. Tex. Apr. 16, 2013).

In this case, Defendant asserts that it is facially apparent from the types of claims and

damages asserted in the complaint that damages are likely above the jurisdictional amount. It makes no attempt to carry its burden by providing any evidence. Plaintiffs contest Defendant's asserted amount in controversy and provide a post-removal stipulation that damages do not exceed the jurisdictional threshold and they agree "to neither seek nor accept any amount in excess of $75,000.00, for all damages and attorneys' fees."

## G. Potential Implications of *Dart Cherokee*

Because Plaintiffs have contested Defendant's amount-in-controversy statement, one could argue that *Dart Cherokee* requires evidence and has changed circuit precedent regarding a defendant's ability to rely solely on allegations in the state court complaint or petition to establish the amount in controversy. As already mentioned, however, *De Aguilar* itself held that defendants must produce evidence, but still permitted reliance on the face of the complaint itself to satisfy the burden to show satisfaction of the jurisdictional amount. *See* 47 F.3d at 1412. Nevertheless, it appears prudent to further consider whether *Dart Cherokee* changed circuit precedent.

When presented with the argument, one court specifically declined to "disrupt well-settled circuit precedent based on dicta in *Dart Cherokee*." *In re Whole Foods Mkt., Inc., Greek Yogurt Mktg. & Sales Practices Litig.*, No. 1:14-CV-1135-SS, 2015 WL 5737692, at *6 (W.D. Tex. Sept. 30, 2015). It did so by relying on the sole question before the Supreme Court – "[t]o assert the amount in controversy adequately in the removal notice, does it suffice to allege the requisite amount plausibly, or must the defendant incorporate into the notice of removal evidence supporting the allegation?" *Id.* (quoting *Dart Cherokee*, 574 U.S. at 84). According to the lower court, having answered that question by stating that "[a] statement 'short and plain' need not contain evidentiary submissions," the Supreme Court had no need to address whether the defendant must submit evidence once the plaintiff contests jurisdiction. *See id.* (same).

About six months prior to *In re Whole Foods*, another judge in the same court, also relied on the same sole question at issue in *Dart Cherokee* to decline to extend *Dart Cherokee* to "how to value the amount in controversy when a party is suing to enforce a civil right protected by a statute." *McPhail v. Lyft, Inc.*, No. A-14-CA-829-LY, 2015 WL 1143098, at *4 (W.D. Tex. Mar. 13, 2015) (recommendation of Mag. J.), *accepted by* unpub. order (W.D. Tex. May 11, 2015). The *McPhail* court recognized that it was the statutory language added to § 1446 in 2011, not *Dart Cherokee* itself, that "clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged." *Id*. at *4 (quoting *Dart Cherokee*, 574 U.S. at 88). Similarly, while explaining that *Dart Cherokee* does not alter the burden placed on a plaintiff seeking remand, the "Supreme Court made clear . . . [that] the statute governing remand controls" when the plaintiff has contested the defendant's amount-in-controversy assertion. *Stanford v. Fed. Nat'l Mortg. Ass'n*, No. A-14-CV-887 LY, 2014 WL 12879629, at *5 (W.D. Tex. Dec. 29, 2014) (recommendation of Mag. J.) *accepted by* 2015 WL 13799753 (W.D. Tex. June 12, 2015).

In December 2015 and immediately after citing *Dart Cherokee*, the Fifth Circuit reiterated its commitment to the facially apparent means for defendants to carry their burden. *See Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015). "[T]hat the removing party bears the burden of proving the amount in controversy does not mean that the removing party cannot ask the court to make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim." *Id*. But after making such pronouncements, the court addressed whether the defendants had satisfied their burden based upon evidence they had submitted. *Id*. at 241.

The next year, the Fifth Circuit recognized *Dart Cherokee* as "outlin[ing] the procedures and standards for asserting, challenging, and evaluating allegations concerning the amount in controversy." *Carter v. Westlex Corp.*, 643 F. App'x 371, 375 (5th Cir. 2016) (per curiam). In accord-

ance with *Dart Cherokee* and 28 U.S.C. § 1446(c)(2)(B), "'[i]f the plaintiff contests the defend-ant's allegation,' then 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" *Id.* (quoting *Dart Cherokee*, 574 U.S. at 88 and citing 28 U.S.C. § 1446(c)(2)(B)).

Earlier this year, the Northern District of Texas accepted the clarifying language of § 1446(c)(2)(B), as set out in *Dart Cherokee*, while also recognizing that the defendant can still satisfy its burden when the jurisdictional amount is facially apparent from the state complaint. *See McCauley v. Kroger Co.*, No. 3:19-CV-2673-D, 2020 WL 208816, at *1-2 (N.D. Tex. Jan. 14, 2020). The Western District of Texas has likewise taken that position. *See Monzon v. Lowe's Cos., Inc.*, No. EP-16-CV-00482-KC, 2017 WL 10743000, at *6-8 & n.9 (W.D. Tex. May 26, 2017); *Lanchais v. Allstate Fire & Cas. Ins. Co.*, No. SA-17-CA-00140-FB, 2017 WL 11219771, at *1 (W.D. Tex. Apr. 12, 2017) (recommendation of Mag. J.) accepted by 2017 WL 11219765 (W.D. Tex. June 8, 2017); *Castaneda v. Travelers Lloyds of Tex. Ins. Co.*, No. A-15-CV-00259-LY-ML, 2015 WL 3604678, at *2 (W.D. Tex. June 5, 2015) (recommendation of Mag. J.); *Educ. Mgmt. Servs., LLC v. Yackey*, No. CV SA-15-CA-0044-XR, 2015 WL 13047863, at *1 (W.D. Tex. Mar. 25, 2015).

Based on the two cited Fifth Circuit opinions and the above sampling of district court opin-ions decided after *Dart Cherokee*, this Court is confident that defendants may still carry their bur-den to show the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. § 1332(a) by relying on the face of the operative pleading. By recognizing that *Dart Cherokee* was applying 2011 statutory amendments there is no need to distinguish or characterize portions of *Dart Cherokee* as dicta to maintain the viability of that avenue for carrying a defendant's burden. The statute as currently written applies until Congress further amends it. But what neither the

statute nor *Dart Cherokee* addresses is whether the state petition/complaint, of itself, can constitute evidence within the meaning of 28 U.S.C. § 1446(c)(2)(B). *De Aguilar* appears to accept the complaint as sufficient evidence at least in some circumstances. *See* 47 F.3d at 1412. Until the Supreme Court or the Fifth Circuit holds otherwise or Congress further amends § 1446, this Court will continue to follow the well-settled circuit precedent that permits defendants to carry their burden regarding the amount in controversy when it is facially apparent from the pleading that the jurisdictional amount is likely satisfied.

**H. Whether Jurisdictional Amount is Facially Apparent**

That defendants may rely on the facial appearance of the state pleading as a means to carry their burden may not make it the best method, or even a desirable method, in all circumstances. One reason to not rely solely on the face of the complaint is uncertainty due to differing opinions as to when the jurisdictional amount is facially apparent from a pleading. "District courts in this circuit differ as to when it is facially apparent that the amount in controversy is satisfied, particularly in insurance disputes." *Chapman v. Essex Ins. Co.*, No. 1:12-CV-520, 2013 WL 12137884, at *5 (E.D. Tex. Apr. 4, 2013) (citing and discussing cases). As noted in *Chapman*, "[s]ome courts are reluctant to find the requirement satisfied when there is no reasonable indication of the extent of property damage in the state court petition." *Id.* (citing cases). In general, the premise behind the reluctance "is that a defendant cannot simply point to the numerous categories of damages in a plaintiff's state court petition, without more, and thereby establish that it is facially apparent that the amount in controversy is at least $75,000.00." *Id.*

More lenient courts "have found facially apparent amounts in controversy of more than $75,000.00 based on the variety of damages sought, especially where a plaintiff seeks exemplary damages or statutory penalties." *Id.* This Court, moreover, is aware of the common-sense approach

to deciding whether a defendant has carried its burden. *See*, *e.g.*, *Robertson*, 814 F.3d at 241 (permitting such approach); *Armendariz v. Allstate Texas Lloyd's*, No. EP-16-CV-00334-DCG, 2016 WL 6915279, at \*5 (W.D. Tex. Nov. 23, 2016) (noting approach); *Wilson v. Hibu Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at \*3-4 (N.D. Tex. Oct. 28, 2013) (agreeing with and adopting approach); *Carleton v. CRC Indus., Inc.*, 49 F. Supp. 2d 961, 962 (S.D. Tex. 1999) (applying such approach in cancer case). That approach may have much appeal in certain legal areas, but the Court disagrees that the insurance context necessarily lends itself to such an approach in all contexts. In general, insurance contexts are simply too varied to merely rely on the litany of claims and damages often asserted in such contexts.

Using this case as an example, no one has presented any dollar estimate for the damage done to Plaintiffs' home. No one has stated how much Defendant has already paid or how much it allegedly underpaid. No one has stated the value of Plaintiffs' home or whether a policy limit would reduce the value of the claims. It is clear that Plaintiffs seek treble damages, but without some idea of the amount to be tripled, the Court would need to speculate to conclude that the treble damages would put Plaintiffs over the jurisdictional threshold. Similarly, without "evidence of potential actual damages in the case, the Court has no way to estimate the potential for an award of exemplary damages." *Educ. Mgmt. Servs., LLC v. Yackey*, No. CV SA-15-CA-0044-XR, 2015 WL 13047863, at \*2 (W.D. Tex. Mar. 25, 2015). Because the amount of punitive damages should be proportional to the amount of actual damages, *see id.*, the Court does not find that a claim for exemplary damages necessarily makes it facially apparent that an action satisfies the amount in controversy required for jurisdiction under 28 U.S.C. § 1332(a). Without more information regarding damages to Plaintiffs' property, Defendant must do more than point to the categories of damages in the state court petition to carry its burden under *De Aguilar* and 28 U.S.C. § 1446(c)(2)(B).

Finding that Defendant carried its burden in this case would devalue the preponderance of the evidence standard to such an extent that it would render it meaningless. For good reason, *De Aguilar* specifically rejected, as too permissive, evidentiary burdens that would permit a defendant to merely show that a plaintiff could recover damages that exceed the jurisdictional amount. *See* 47 F.3d at 1411. "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). This burden should not be lightly cast aside. Furthermore, the typical removal context presents federalism concerns that require doubts and ambiguities regarding removal to be resolved in favor of remand. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

While the common-sense approach may work in some situations, the approach does not simply supplant the defendant's burden altogether. For all of these reasons, the Court finds that Defendant has not carried its burden to show that the amount in controversy exceeds the amount required for diversity jurisdiction. "Without more information, the court cannot estimate the extent of damage to [Plaintiffs'] property nor ascertain the other damage amounts in [their] petition." *Chapman*, 2013 WL 12137884, at *5. Accordingly, the Court is unable to "conclude that it is facially apparent that the amount in controversy has been satisfied." *Id*.

## I. **<u>Ambiguity</u>**

At most, Defendant has shown that the state court petition was ambiguous at the time of removal. But such ambiguity is construed against removal and in favor of remand. Further, such

16

ambiguity would permit the Court to consider the post-removal stipulation to the extent it relates to the jurisdictional facts at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); '*Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998). When a complaint is not "facially likely to be over the jurisdictional amount," as found here, a post-removal affidavit or stipulation may "clarify a petition that previously left the jurisdictional question ambiguous." *ANPAC*, 988 F.2d at 565. In addition, as was the case in *ANPAC*, defendant has offered no facts to support its valuation of this case and has made no attempt to rebut Plaintiffs' valuation of the case as shown in their stipulation regarding the amount in controversy. *See id*. at 566.

**J. Other Matters**

Because Defendant has not shown by a preponderance of the evidence that the amount in controversy likely exceeds the jurisdictional amount, the Court has no need to consider whether Plaintiffs can show to a legal certainty that they will not be able to recover in excess of that amount. The relevant facts and controlling law confirm that this Court does not have subject matter jurisdiction over this action. Therefore, this case was improperly removed, and remand is warranted. In addition, the motion to dismiss is now moot.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** *Plaintiffs' Motion to Remand on the Basis of Lack of Subject Matter Jurisdiction* (ECF No. 4) and **ORDERS** that this case be remanded to the 25th Judicial District Court of Guadalupe County, Texas, Cause Number 19-2497-CV-A. Because it has found that it lacks jurisdiction over this case, the Court **DENIES AS MOOT** *Defendant Allstate Vehicle and Property Insurance Company's Motion for Partial Dismissal* (ECF No.

2). By separate document, the Court will issue a Final Judgment for this case.

**SIGNED this 1st day of May 2020.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**